UNITED STATES BANKRUPTCY COURT
FOR THE
WESTERN DISTRICT OF KENTUCKY

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| RONDELL T. FORD | ) | CASE NO.: 99-11883 |
| | ) | |
| Debtor(s) | ) | |
| | ) | |
| RONDELL T. FORD | ) | AP NO.:   05-1038 |
| | ) | |
| Plaintiff(s) | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| DEPARTMENT OF TREASURY, | ) | |
| INTERNAL REVENUE SERVICE | ) | |
| | ) | |
| Defendant(s) | ) | |

## MEMORANDUM-OPINION

This matter is before the Court on the Motion for Summary Judgment of Plaintiff/Debtor Rondell T. Ford ("Debtor") and the Cross Motion for Summary Judgment of Defendant United States of America, Department of Treasury, Internal Revenue Service ("IRS").  The Court considered the legal memoranda in support of each of the motions and the responsive memoranda filed by the IRS to Debtor's Motion.  For the following reasons, the Court denies the Motion of Debtor and grants the Cross-Motion of the IRS regarding the Debtor's tax liability for 1996 and denies the Cross-Motion of the IRS regarding Debtor's tax liability for 1986 and 1987.  An Order incorporating the findings herein accompanies this Memorandum-Opinion.

## STATEMENT OF UNDISPUTED MATERIAL FACTS

1. Debtor failed to file federal income tax returns for the tax years 1986 and 1987.

2. On May 18, 1990, the IRS issued Debtor a Notice of Deficiency for 1986. The taxable income on the Notice of Deficiency was $33,803. An assessment based on the Notice of Deficiency was made on October 29, 1990.

3. On April 4, 1990, the IRS issued Debtor a Notice of Deficiency for 1987. The taxable income on the Notice of Deficiency was $15,844. An assessment on the Notice of Deficiency was made on October 15, 1990.

4. The IRS issued an Income Tax Changes Report based on the assessments and listed taxable income for 1986 as $33,803 and 1987 as $15,844.

5. On September 17, 1993, Leo Wells, Debtor's accountant, prepared Debtor's tax returns for 1986 and 1987. These returns were filed with the IRS and listed Debtor's taxable income as zero for both 1986 and 1987.

6. The IRS conducted an examination or audit for Debtor's tax liability for 1986 and 1987. Subsequent to the examination or audit, Debtor's tax liability for both years was increased by the IRS.

7. On or about April 1, 1997, Debtor timely filed his federal income tax return for 1996.

8. On December 27, 1999, Debtor filed his Voluntary Petition seeking relief under Chapter 7 of the United States Bankruptcy Code.

## LEGAL ANALYSIS

A. Summary Judgment Standard.

Rule 7056 of the Federal Rules of Bankruptcy Procedure adopts the standard for summary judgment set forth in Rule 56 of the Federal Rules of Civil Procedure. Summary judgment is appropriate only when no genuine issue of material fact remains to be decided so that the moving

party is entitled to judgment as a matter of law.  Historic Preservation Guild v. Burnley, 896 F.2d 985, 989 (6th Cir. 1989).

    B.  The 1986 and 1987 Tax Liability.

Debtor requests summary judgment discharging his federal income tax liability for 1986 and 1987.  Under 11 U.S.C. §523, a discharge under Section 727 does not discharge an individual debtor from any debt (1) for a tax or customs-duty – . . . (B) with respect to which a return, if required (i) was not filed; or (ii) was filed after the date on which such return was last due, under applicable law or under any extension, and after two years before the date of the filing of the petition.  11 U.S.C. §523(a)(1)(B).  Under a plain reading of the statute, if Debtor failed to file any federal income tax returns for 1986 and 1987, the tax liabilities for these years are nondischargeable.  If the Debtor filed untimely returns, but did so more than two years prior to the date he filed his Chapter 7 Petition, the tax liability would be dischargeable.

Debtor contends that his filings in 1993 after the IRS filed substitute returns for him, constitute returns.  As to what constitutes a return, the Sixth Circuit Court of Appeals set forth the following requirements in In re Hindenlang, 164 F.3d 1029, 1033 (6th Cir. 1999): (1) it must purport to be a return; (2) it must be executed under penalty of perjury; (3) it must contain sufficient data to allow calculation of tax; and (4) it must represent an honest and reasonable attempt to satisfy the requirements of the tax law.  The only issue in dispute in the case at bar is whether Debtor's filings satisfied the fourth element.

Debtor contends he met the fourth element because the IRS increased his tax liability based upon his filings in 1993.  Debtor states that the IRS accepted his return as a legitimate filing when it increased his tax liability.  The IRS disputes this claiming that the Debtor's 1993 filings were of

-3-

no use to the IRS and that the increase in tax liability was not based on these filings, but rather on the Notices of Deficiency.

Unfortunately, the Court cannot tell from the documents filed by both parties what the IRS used to increase the tax liability. Obviously, it was based upon the audit and examination it conducted with the Debtor's cooperation. As to whether the 1993 filings played a part, if any, is in dispute. This factual dispute is material and prevents the entry of summary judgment for either party on the dischargeability of the 1986 and 1987 taxes. Accordingly, both motions on this issue are denied.

  C. <u>The 1996 Taxes</u>.

The undisputed facts establish that Debtor timely filed his 1996 federal income tax return on or about April 1, 1997. Debtor filed his Chapter 7 Petition on December 27, 1999. Clearly, the Petition was filed less than three years after the due date of the return. Pursuant to 11 U.S.C. §523(a)(1)(A), tax debts are not discharged if they are based on income and returns due not less than three years before the filing of the petition. <u>See</u>, 11 U.S.C. §507(a)(8). As a matter of law, the Debtor's 1996 federal income tax liability is not dischargeable. <u>See</u>, <u>Young v. United States</u>, 535 U.S. 43, 46 (2002); <u>Palmer v. United States</u>, 219 F.3d 580, 584 (6th Cir. 2000).

## CONCLUSION

For the above reasons, the Motion for Summary Judgment of Plaintiff/Debtor Rondell T. Ford is **DENIED** and the Cross-Motion for Summary Judgment of Defendant United States of America, Department of Treasury, Internal Revenue Service is **DENIED IN PART AND GRANTED IN PART**. An Order accompanies this Memorandum-Opinion.

# UNITED STATES BANKRUPTCY COURT
## FOR THE
## WESTERN DISTRICT OF KENTUCKY

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| RONDELL T. FORD | ) | CASE NO.: 99-11883 |
| | ) | |
| Debtor(s) | ) | |
| | ) | |
| RONDELL T. FORD | ) | AP NO.:   05-1038 |
| | ) | |
| Plaintiff(s) | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| DEPARTMENT OF TREASURY, | ) | |
| INTERNAL REVENUE SERVICE | ) | |
| | ) | |
| Defendant(s) | ) | |

## **ORDER**

Pursuant to the Memorandum-Opinion entered this date and incorporated herein by reference,

**IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the Motion for Summary Judgment of Plaintiff/Debtor Rondell T. Ford is **DENIED**.

**IT IS FURTHER ORDERED, ADJUDGED AND DECREED** that the Cross-Motion for Summary Judgment of Defendant United States of America, Department of Treasury, Internal Revenue Service is **GRANTED IN PART AND DENIED IN PART**. The 1996 federal income tax liability of Debtor Rondell T. Ford is nondischargeable. Genuine issues of material fact remain as to the federal income tax liability of Debtor Rondell T. Ford as to 1986 and 1987.